IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN GALINDO, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-cv-1169 |
| | § | |
| STEP ENERGY SERVICES (USA) LTD., | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Juan Galindo ("Galindo" or "Plaintiff"), brings this Fair Labor Standards Act ("FLSA") suit against Defendant STEP Energy Services (USA) Ltd. ("STEP Energy" or "Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. He shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). In order to achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

### II.  PARTIES

2. Plaintiff is an individual who resides in Round Rock, Williamson County, Texas.

3.  Defendant STEP Energy is a non-domestic for-profit corporation and can be served through its registered agent, LegalInc Corporate Services Inc., at 10601 Clarence Drive, Suite 250, Frisco, TX 75033.

### III.   JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

### IV.   VENUE

5.  Venue is proper in the Western District of Texas because it is the District in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and it is the county in which the Plaintiff resided at the time of the accrual of the cause of action. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### V.   FACTUAL BACKGROUND

6.  Plaintiff was employed as a Stimulation Field Engineer by Defendant.

7.  Plaintiff was originally employed by predecessor entity Tucker Energy starting in September 2014. Tucker Energy was officially acquired by STEP around April of 2018. Plaintiff worked for STEP until April 2020.

8.  Plaintiff regularly worked in excess of 40 hours a week while employed with Defendant.

9.  Plaintiff was a non-exempt employee entitled to overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

10. Defendant is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA and are obligated to pay their employees in accordance with the FLSA.

11. Defendant was obligated to pay their employees in accordance with the FLSA at all times Plaintiff was employed with Defendant.

12. Defendant failed to pay Plaintiff overtime as required by the FLSA for hours worked in excess of forty hours per week.  Specifically, Defendant failed to pay Plaintiff at the rate of 1.5 times his regular rate for hours worked in excess of 40 hours in a workweek.

13. Plaintiff worked 14 days in a row for 12 hour shifts each day, plus an hour driving to the location.  During the 14-day shift, Plaintiff was either on location or on call expected to be immediately available on location.  It was a one-day drive to and from work.  This was followed by 6 days off.  In general, Plaintiff worked an average of at least 84 hours per week.

14. Defendant knew, or showed reckless disregard for whether, its failure to pay Plaintiff overtime properly pursuant to the FLSA for all hours worked in excess of 40 hours a week, was in violation of the FLSA.

15. Plaintiff was Defendant's employee and received a Form W-2 from Defendant. Defendant and its agents directed and controlled Plaintiff's work, including where and when he worked, how he performed his work, and what his regular rate of pay would be.

16. As a matter of economic reality, Plaintiff was dependent upon Defendant for his work. Plaintiff invested his time only in Defendant's enterprise during his employment with Defendant; he did not have any outside "customer base."

17. Defendant possessed the power to hire and fire employees, including Plaintiff.

## VI.    CAUSE OF ACTION: THE FAIR LABOR STANDARDS ACT

18. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

19. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

20. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d)

of the FLSA, 29 U.S.C. § 203(r).

21. Defendant's conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 et seq., including but not limited to violations of § 207(a)(1).  The above-described actions of Defendant violated Plaintiff's rights under the Fair Labor Standards Act, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

22. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiff.

## VII.   CONDITIONS PRECEDENT

23. All conditions precedent to filing this lawsuit have been performed or have occurred.

## VIII.   ATTORNEYS' FEES

24. Each allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 216(b).

## IX.   PRAYER

26. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial by this Court, Plaintiff be granted judgment against Defendant within the jurisdictional limits of this Court for:

(a) the amount of the Plaintiff's unpaid overtime compensation;

(b) an equal amount in liquidated damages;

(c) pre and post judgment interest as provided by law;

(d) costs of court, attorney fees and expenses, and;

(e) such other and further relief, at law or in equity, to which the Plaintiff may justly be entitled.

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**

Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Matthew "Maff" Caponi
Texas Bar No. 24109154
mcaponi@kaplanlawatx.com
406 Sterzing St.
Austin, TX 78704
Phone: (512) 553-9390
Fax: (512) 692-2788
**COUNSEL FOR PLAINTIFF**