## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-1169-OLG |
| | § | |
| STEP ENERGY SERVICES (USA) LTD., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant STEP Energy Services (USA) Ltd. ("Defendant"), by and through its attorney of record, file its Original Answer to Plaintiff Juan Galindo's ("Plaintiff") Original Complaint (the "Complaint").

## NATURE OF SUIT

1.  An answer is not needed for Paragraph 1 of the Complaint as it contains a legal conclusion. To the extent that an answer is needed, Defendant denies the allegation.

## PARTIES

2.  Defendant is without sufficient information to admit or deny the allegation contained in paragraph 2 of the Complaint, and therefore denies the allegation.

3.  Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION

4.  The allegations in Paragraph 4 of the Complaint are jurisdictional in nature and require no factual response by Defendant. Defendant admits that Plaintiff's claims present a federal question, and states that this Court has federal question jurisdiction over this matter.

## VENUE

5. Defendant denies the allegations contained in Paragraph 5 as Plaintiff has brought suit against the wrong entity.

## FACTUAL BACKGROUND

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint as STEP Energy Services Holdings Ltd. was Plaintiff's employer as opposed to Defendant.

7. Defendant admits that Plaintiff was originally employed by Tucker Energy and that Tucker Energy was acquired in April 2018. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that it is engaged in commerce within the meaning of the FLSA and is an employer as defined in the FLSA. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies that Plaintiff was employed by Defendant and admits the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore denies the allegations.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without sufficient information to admit or deny the allegation contained in paragraph 16 of the Complaint, and therefore denies the allegation.

17. Defendant denies the allegations in Paragraph 17 of the Complaint that it had the power to hire and fire Plaintiff. Defendant admits the remaining allegations contained in Paragraph 17 of the Complaint.

## THE FAIR LABOR STANDARDS ACT

18. Defendant repeats and realleges its specific admissions or denials in Paragraphs 1-17 as if stated fully herein.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## CONDITIONS PRECEDENT

23. Defendant denies that any conditions precedent were performed or have occurred as alleged in Paragraph 23 of the Complaint

## ATTORNEYS' FEES

24. Defendant repeats and realleges its specific admissions or denials in Paragraphs 1-23 as if stated fully herein.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## PRAYER

26. Defendant denies that Plaintiff is entitled to any of the requested in Paragraph 26 of the Complaint.

## DEFENDANT'S DEFENSES/AFFIRMATIVE DEFENSES

Defendant further alleges the following defenses and affirmative defenses to the purported causes of action in the Complaint as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff was not employed by Defendant.

3. Plaintiff's action cannot be maintained as a collective or class action because the requirements for such an action cannot be met under the facts pleaded.

4. At all times material to the Complaint, Defendant acted in good faith and upon reasonable reliance upon the provisions of the FLSA, interpretive case law, and regulations, orders, rulings, approvals, interpretations, and opinion letters of the U.S. Department of Labor.

5. The Complaint and each purported cause of action contained therein are barred to the extent they violate Defendant's due process rights under the United States Constitution or other applicable law, or otherwise violate any of Defendant's constitutionally protected rights.

6. Plaintiff's claims are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours that Plaintiff was engaged in activities that were preliminary and/or postliminary to his principal activities.

7. Plaintiff's claims are barred by the doctrine of unclean hands, estoppel and laches.

8. Plaintiff's claims are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA and Texas law, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

9. Plaintiff's claims are subject to setoff, recoupment and/or offset.

10. Defendant's actions were not intentionally or willfully devised, nor did Defendant operate to violate the requirement(s) of the statutes and/or regulations at issue.

11. Defendant's actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

12. All actions or omissions of Defendant, if any, with regard to Plaintiff's employment and the method of payment to Plaintiff were made in good faith and based on good cause and on reasonable grounds for believing that Defendant was complying with the FLSA.

13. The Complaint and each and every purported cause of action contained therein are barred in whole or in part to the extent that Plaintiff has been paid all monies due.

14. To the extent Plaintiff purports to have worked any uncompensated time, Defendant lacked actual or constructive knowledge of such work.

15. To the extent Plaintiff's time records are inaccurate, Plaintiff is estopped by his own misconduct from recovering damages or any other relief against Defendant.

16. The claims asserted by Plaintiff are barred to the extent that one or more overtime-pay exemptions apply under the FLSA.

17. Defendant reserves the right to amend its answer, to raise additional defenses or pursue any other available counterclaims against Plaintiff and any putative collective action members, if any, upon close of discovery or in compliance with the Court's scheduling order.

For these reasons, Defendant respectfully requests that a take-nothing judgment be entered against Plaintiff and that Defendant recover all costs, including reasonable attorneys' fees, together with such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Michael J. DePonte*
Michael J. DePonte
TX State Bar Number 24001392
Michael.DePonte@jacksonlewis.com
Alise N. Abel
TX State Bar Number 24082596
Alise.Abel@jacksonlewis.com

JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:   (214) 520-2400
Facsimile:    (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2020, a true and correct copy of the foregoing pleading was served to the following counsel of record through the CM/ECF system.

Austin Kaplan
Matthew "Maff" Caponi
Kaplan Law Firm, PLLC
406 Sterzing St.
Austin, Texas 78704

*/s/ Michael J. DePonte*
Michael J. DePonte